O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

RONALD C. DIAZ, SR.,

        Petitioner,

        v.

ATTORNEY GENERAL, *et al.*,

        Respondent.

)
)
)
)
)
)
)
)
)
)

Case No. EDCV 16-2570-GW(JCG)

**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

On December 6, 2016,[1] petitioner Ronald C. Diaz, Sr. ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1.] Notably, it is his *second* federal petition challenging a 2009 state court judgment of conviction and sentence. [*See id.* at 3-4]; *see also Diaz v. Attorney Gen.*, 2012 WL 4356342 (C.D. Cal. Sept. 18, 2012). Thus, the Court finds that the Petition is an unauthorized "second or successive" petition, and summarily dismisses this action without prejudice for lack of jurisdiction. *See* 28 U.S.C. § 2244(b).

---

[1]    In determining the filing date of a petition, *pro se* prisoners are entitled to the benefit of the "mailbox rule," which dictates that a document's constructive filing date is "the date a petitioner delivers it to the prison authorities for filing by mail." *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002).

By way of background, Petitioner first challenged his conviction and sentence in 2012 ("2012 Petition").  *See Diaz v. Attorney Gen.*, 2012 WL 4356583 (C.D. Cal. July 2, 2012).  Subsequently, the 2012 Petition was denied.  *See Diaz*, 2012 WL 4356342, at *1.  Petitioner's request for a certificate of appealability was likewise denied.  *Id.*

Now, in the instant Petition, Petitioner seeks to challenge the *same* 2009 judgment of conviction and sentence.[2]  [Dkt. No. 1 at 2, 5.]  On November 8, 2016, Petitioner filed an application with the Ninth Circuit, requesting permission to file a "second or successive" petition.  *See Diaz v. Paramo*, Court of Appeals Case No. 16-73565, Dkt. No. 1 (9th. Cir. Nov. 8, 2016).  Notably, Petitioner's application is still pending.  *See id.*

As a rule, the district court cannot entertain a successive petition without prior approval from the appropriate Court of Appeals.  *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (*per curiam*); *see also* Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts ("*Before* presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district to consider the petition as required by 28 U.S.C. § 2254(b)(3) and (4).") (emphasis added).

Here, the instant Petition constitutes a second and/or successive petition challenging the same conviction and sentence as Petitioner's 2012 Petition, within the

---

[2]    The Court also notes that on November 7, 2016, Petitioner filed a still-pending habeas petition in the California Supreme Court that is comprised of the same ground raised in the instant Petition. [Dkt. No. 1 at 8]; *see also* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist= 0&doc_id=2169289&doc_no=S238270; *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of state court docket).  Notably, a pending post-conviction proceeding in state court may moot or otherwise affect a petitioner's constitutional claims. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("[E]ven if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, *thereby mooting the federal question*." (emphasis added)).  As such, and for this additional reason, the instant Petition must be dismissed without prejudice.  *See Larrimore v. Montgomery*, 2013 WL 6478599, at *2 (C.D. Cal. Dec. 9, 2013) (dismissing, without prejudice, a federal habeas petition because the petitioner was required to "await the outcome of [his state habeas] action before presenting his claims in federal court.").

meaning of 28 U.S.C. § 2244(b).  Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an *order* from the Ninth Circuit authorizing this Court to consider the instant Petition *prior* to its filing.  Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED THAT** a Certificate of Appealability be **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 2, 2017

_____

HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE